



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*　　　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 13, 2004

Beverly B. Chorbajian
390 Main Street　　　　　　　　　　　　　　O4- 4003 /
Suite 659
Worcester, MA 01608

    Re:   <u>United States v. Valdina Aries Santos</u>

Dear Mr. Chorbajian:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Valdina Aries Santos("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to the above-captioned six-count Information filed with this Agreement. Defendant expressly and unequivocally admits that she in fact committed the crimes charged in the Information, and is in fact guilty of those offenses.

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties as to each count: a term of imprisonment up to fifteen (15) years; a fine up to $250,000; a period of supervised release not to exceed three (3) years and a mandatory special assessment of $100.

Defendant may also be deportable and/or excludable by the Bureau of Immigration and Customs Enforcement as a consequence of her conviction of the offenses to which she is pleading guilty.

3.  <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a)  The parties agree to take the position that the base offense level is 11 pursuant to U.S.S.G. § 2L2.1(a).

(b)  The parties agree to take the position that there is an enhancement of 6 levels pursuant to U.S.S.G. § 2L2.1(b)(2)(B).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit her conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about her financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

2

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A term of incarceration at the low-end of the applicable guideline;

(b) A fine in an amount to be determined after review of the pre-sentence report unless the Court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) A mandatory special assessment of $100;

(d) A term of supervised release of two years.

3

Should Defendant seek a downward departure, Defendant agrees to notify the United States Attorney in writing not less than two weeks before the sentencing date of the proposed grounds for departure. The United States Attorney reserves the right to oppose any argument for downward departure.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves her right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Stipulated Judicial Order of Removal

Defendant admits that she is not a citizen or national of the United States, and affirms that she is a native and citizen of Brazil.

Defendant understands and knowingly waives her right to a hearing before an Immigration Judge, or before any other authority under the Immigration and Nationality Act, on the question of her deportability or removability from the United States. In this regard defendant understands and knowingly waives her rights in connection with any administrative or judicial removal proceeding to examine the evidence against him, to present evidence on her own behalf, to cross-examine any witnesses presented by the government, and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives her right to apply for any relief from deportation or removability from the United States that would otherwise be available to him.

Defendant understands that execution of an order of removal against him may have the legal consequence under the immigration laws of temporarily or permanently barring him from reentering the United States.

4

Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in her amenability to immediate deportation and removal from the United States upon conviction and completion of any period of incarceration. Defendant agrees that the order of deportation or removal be issued for her deportation to Brazil or to any other country as prescribed by the immigration laws and regulations of the United States of America.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Bureau of Immigration and Customs Enforcement("ICE") to enforce such order. Defendant waives any right to and agrees she will not seek any judicial or administrative stay of execution of the order of removal or deportation. Defendant waives any right to seek release from the custody of ICE when ICE assumes such custody after conviction and her release from any period of incarceration and preparatory to arrangements for her deportation or removal from the United States. Defendant agrees she will in all ways cooperate with ICE officials in the surrendering of or applying for any travel documents, or in other formalities relating to her deportation or removal from the United States and preparations therefore.

7. Waiver of Blakely Rights

The defendant is familiar with the Supreme Court's decisions in Blakely v. Washington, 542 U.S.__, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Notwithstanding those decisions, the defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines, and agrees to have her sentence determined pursuant to the Sentencing Guidelines; waives any claim she might have that the facts that determine her guideline sentencing range (including facts that support any specific offense characteristic, specific offender enhancement, other upward adjustment, and the defendant's criminal history category) should be alleged in an indictment and found by a jury beyond a reasonable doubt; and agrees that facts that determine her guideline sentencing range will be found by the court at sentencing by a preponderance of the evidence. The defendant further agrees that the sentencing court may consider any reliable evidence, including hearsay.

8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their

respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S.

Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

12. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Casey.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

        By: _____
        JAMES B. FARMER
        Assistant U.S. Attorney
        Chief,
        Criminal Division

        STEPHEN P. HEYMANN
        Assistant U.S. Attorney
        Deputy Chief,
        Criminal Division

        Paul G. Casey
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter **or** I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Valdina Aries dos Santos*
Valdina Aries Santos
Defendant

Date: 12-20-04

I certify that Valdina Aries Santos has read this Agreement **or** has had this Agreement read to him in her native language and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*BC*
Beverly B. Chorbajian, Esq.
Attorney for Defendant

Date: 12-20-04