UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 04-40031-FDS |
| ) | |
| VALDINA ARIES SANTOS ) | |
| ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and Paul G. Casey, Assistant United States Attorney, respectfully submits this Sentencing Memorandum regarding Defendant Valdina Aries Santos, who is scheduled to be sentenced on May 2, 2005. For the reasons provided below, the government recommends a sentence at the low-end of the Guidelines Sentencing Range ("GSR") of 15-21 months of imprisonment.

1.  BACKGROUND

In August 2004, ICE agents received information that a woman named "Dina," later identified as Valdina Aries Santos, was selling false green cards and social security cards in exchange for $130 per set. Through the use of two cooperating witnesses ("CW's"), the agents made five controlled buys of approximately 21 sets of false United States identification documents from Santos.

On August 19, 2004, a CW purchased four counterfeit social

1

security account number cards and four counterfeit alien registration cards from Santos.

On September 15, 2004 a CW purchased five counterfeit social security account number cards and five counterfeit alien registration cards.

On September 24, 2004 a CW purchased seven social security account number cards and seven alien registration cards.

On October 29, 2004, a CW purchased four social security account number cards and four alien registration cards.

On November 21, 2004, a CW purchased one social security account number card and one alien registration card.  ICE agents paid a total of $2,730 in buy money for the 21 sets.

In addition to these 21 sets of false identification documents, on December 8, 2004, Santos was arrested while attempting to deliver to a CW four social security account number cards and four alien registration cards.

All of these documents falsely appeared to have been issued under the authority by or under the authority of the United States government, but in truth and fact, were actually produced by defendant Frank Machado Da Silva.

Agents interviewed defendant Santos who admitted that she had previously sold and transferred the 21 sets of false documents prior to December 8, 2004 and was in the possession and in the process of selling 4 sets of documents referenced on

December 8, 2004.

Through further investigation, agents learned that Frank Machado Da Silva produced all 25 sets of false United States identification documents mentioned above.

On December 8, 2004, agents went to Da Silva's residence, located in Worcester, and spoke with Da Silva's roommate. The roommate was cooperative and let the agents into the apartment. As agents entered the apartment, they observed a paper cutter in one of the bedrooms. The roommate consented to the agents searching the apartment. In one of the bedrooms, agents found among other things a computer with a scanner/printer, a trash can filled with remnants of fraudulent documents, and $3,400 of U.S. currency. Agents recovered a passport in the name of Frank Da Silva with a photograph and a counterfeit green card.

A short time later, Frank Machado Da Silva returned to the apartment and was arrested. Agents advised Da Silva of his <u>Miranda</u> rights in both Portugese and in English. Da Silva admitted to making the fraudulent documents for Santos. Da Silva stated that Santos paid him $30 per set. Each set included the false green cards and social security cards.

2. SENTENCING CALCULATION

    a. <u>Statutory Maximum Sentence</u>

Each Count carries a maximum penalty of years of 15 years of imprisonment.

3

b.   Sentencing Guidelines Calculation

The government agrees with the Guidelines calculations contained in the final pre-sentence report ("PSR"), which result in a Guidelines Sentencing Range of 15-21 months of imprisonment.

i.   Base Offense Level

Pursuant to USSG § 2L2.1, the defendant has a base offense level of 11.

ii.  Specific Offense Level

Since offense involved 25 sets of documents, the offense level is increased by six levels, pursuant to USSG §2L2.1(b)(2)(B).

iii. Acceptance of Responsibility

The government agrees that the defendant notified the government in a timely fashion of its intention to accept responsibility and therefore is entitled to a three-level reduction pursuant to §§3E1.1(a) and (b).

3.   GOVERNMENT'S RECOMMENDATION

As set forth in the PSR, with an adjusted offense level of 14 and a criminal history category of I, the defendant falls within the sentencing range of 15-21 months. The government respectfully recommends that the Court impose a period of incarceration within this Guidelines range. Such a sentence would recognize the seriousness of defendant's offense conduct, the need to promote respect for the law, provide just punishment,

afford an adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

There are no unusual facts or circumstances that would justify a sentence below the GSR of 15-21 months.

For all of the above reasons, the government respectfully recommends that the Court impose the following sentence:

1. a period of incarceration at the low end of the Guidelines Range established by the PSR;

2. a fine at the low-end of the Guidelines Sentencing Range established by the PSR;

3. a period of supervised release of three years;

4. Pursuant to paragraph 6 of the plea agreement, defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in his amenability to immediate deportation and removal from the United States upon conviction and completion of any period of incarceration. An ORDER OF STIPULATED JUDICIAL DEPORTATION is enclosed for the Court's signature.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


_____
PAUL G. CASEY
Assistant United States Attorney

Date:   April 25, 2005.

SS., WORCESTER

**CERTIFICATE OF SERVICE**

I, Paul G. Casey, Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by facsimile on counsel of record on this, the 25th day of April, 2005.

                                            PAUL G. CASEY
                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) Criminal No. 04-40031-FDS |
| | ) |
| VALDINA ARIES SANTOS | ) |
| | ) |
| Defendant | ) |

### ORDER OF STIPULATED JUDICIAL DEPORTATION

Pursuant to the authority created by section 374(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996), codified at Title 8, United States Code, Section 1228(c)(5), and upon the parties' agreement to the entry of a stipulated judicial order of deportation, it is hereby ordered that the defendant, VALDINA ARIES SANTOS, an alien removable under 8 U.S.C. § 1227(a)(1)(B), upon conviction and after release from any period of incarceration, be taken into custody by the United States Bureau of Immigration and Customs Enforcement and deported to the Brazil or to any other country as prescribed by the immigration laws of the United States of America.

_____
UNITED STATES DISTRICT JUDGE

Entered: _____